UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| Eduardo Delagarza, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-04-1844 |
| | § | |
| John Potter, Postmaster General, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This suit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Plaintiff Eduardo Delagarza alleges that the United States Post Office (USPS), represented here by Defendant John Potter, illegally discriminated against him on the bases of race, gender, and disability. Potter has filed a motion for summary judgment. Delagarza has filed a motion to abate.

Delagarza filed a similar complaint against the USPS in December 2002, alleging race, gender, and disability discrimination in violation of Title VII; the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*; and the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.* His 2002 disability discrimination claims were based upon the same injuries that underlie his disability-based claims in this case. On July 15, 2004, United States District Judge Melinda Harmon granted summary judgment in favor of the USPS on the ground, *inter alia*, that Delagarza's injuries did not constitute a substantial impairment of a major life activity and, thus, that he could not establish that he was disabled within the meaning of the applicable statutes. *Delagarza v. USPS*, No. H-02-4794 (S.D. Tex. July 15, 2004). Delagarza has appealed that ruling, and the appeal,

No. 04-20693, is currently pending before the United States Court of Appeals for the Fifth Circuit.

The question whether Delagarza is a "disabled person" lies at the heart of the instant case. Potter's motion for summary judgment attacks Delagarza's disability discrimination claim on the grounds that Delagarza cannot prove that he is disabled and that he is collaterally estopped (by Judge Harmon's ruling) from claiming that he is. Therefore, in the interests of consistency and judicial economy, the Court finds that this case should be stayed pending the resolution of the Fifth Circuit appeal of Judge Harmon's ruling. Plaintiff's motion to abate, Docket No. 29, is therefore **GRANTED**. Defendant's motion for summary judgment, Docket No. 21, is **DISMISSED** without prejudice to refiling upon resolution of the pending appeal.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 29th day of September, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**